UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEWAYNE HILL, | ) |
| Petitioner, | ) ) ) ) Case No. 2:15-cv-00121-WTL-DKL |
| vs. | ) ) |
| STANLEY KNIGHT, | ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Dewayne Hill for a writ of habeas corpus challenges a prison disciplinary proceeding, JCU 15-01-0007, in which he was found guilty of use or possession of an electronic device. For the reasons explained in this entry, Mr. Hill's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On January 16, 2015, Officer Bryan Dobbs completed a Report of Investigation which states:

> On 12/19/2014, Sergeant S. Jeter found a cell phone hidden in a common area. On 12/23/15 the cell phone was delivered by Bryan Dobbs, Administrative Assistant, to Mr. Kurt Bensheimer, Deputy Chief Security Threat Group Operations. Mr. Bensheimer conducted a search of the content on the cell phone. After investigation, it was determined offender DeWayne Hill, 979120, used this cell phone to call number 317-513-5593. This phone number was also found under the GTL Offender Phone System being called by offender Hill. Considering the preponderance of evidence in this case, offender Hill is being charged with a class A 121, Use or Possession of an Electronic Device.

Dkt. 9-2.

On the same day, Sergeant Behmlander issued a Report of Conduct charging Mr. Hill with use of an electronic device in violation of Code A-121. The Report of Conduct states:

> On 12/19/2014, Sergeant S. Jeter while conducting a random shakedown found a cell phone hidden in a common area. On 12/23/2014 the cell phone was sent off to have the contents of it searched by certified staff. On 1-16-2015 at approximately 1159 a.m. the investigation was complete and the results were sent to I, Sgt. Behmlander. Upon Investigation it was determined that offender DeWayne Hill #979120 used this cell phone to call the number 317-513-5593 belonging to a Misha Gregory. Gregory was identified as a Friend of offender Hill through his telephone list that he submitted on 12-31-2014. This number also was found under the GTL Offender Phone system being called by Offender Hill #979120. Based on the preponderance of evidence in this case, offender Hill is being charged with a Class A-121 Use or Possession of an Electronic Device.

Dkt. 9-1.

Mr. Hill was notified of the charge on January 16, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Hill did not want to call any witnesses but he requested the phone list with the number on it.

The Hearing Officer conducted a disciplinary hearing on January 23, 2015. The Hearing Officer noted that Mr. Hill stated he "was not calling from the cell phone, instead it was offender Carter, Cedric (father of her daughter)." The Hearing Officer found Mr. Hill guilty of use of an electronic device in violation of Code A-121. The Hearing Officer relied on the staff reports and physical evidence, including the phone list and cell phone numbers. The recommended and approved sanctions included the deprivation of 180 days of earned credit time and the demotion from credit class I to class II. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Mr. Hill's appeals were denied. This habeas action followed.

### III.  Analysis

Mr. Hill alleges that his due process rights were violated during the disciplinary proceeding. Mr. Hill's claims are: 1) the evidence did not support the finding of guilt; 2) Sgt. Roberts did the screening for the case; and 3) progressive discipline should have been applied.

Mr. Hill first argues that another offender admitted that it was his phone, and therefore, Mr. Hill should not have been found guilty. In essence, he challenges the sufficiency of the evidence.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence"). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. 445, 455-56 (1985). Mr. Hill was found guilty of using the phone based on a comparison of who he called with the offender phone system, who was on his telephone list, and who was called using the cell phone. Even if another inmate admitted that he owned the cell phone, the conduct report and report of investigation constituted sufficient evidence to support the finding that Mr. Hill used the cellphone.

Mr. Hill's second claim is that Sgt. Robert violated Indiana Department of Correction ("IDOC") policy by screening him on the charge and also being present during the hearing. His third claim is that even though this was his first write up, progressive discipline was not applied, in violation of IDOC policy.

These claims based on IDOC policy are not viable in this federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review"); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations"); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). The claims based on IDOC policy fail to state a claim upon which relief can be granted.

Mr. Hill was given notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Hill's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Hill's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/4/16

Distribution:

Dewayne Hill #979120
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN  46135

Electronically registered counsel